Filed 12/13/23  P. v. Michael S. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B326972 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YJ40145) |
| v. | |
| MICHAEL S., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court. Miguel Espinoza and J. Christopher Smith, Judges.  Affirmed.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Michael S. appeals from the juvenile court's disposition order committing him to a secure youth treatment facility for a baseline term of 18 months with a maximum confinement of two years after he admitted to one count of assault upon the person of

another by any means of force likely to produce great bodily injury. The court ordered Michael to receive 182 days of precommitment credits toward the baseline term pursuant to *In re Ernesto L.* (2022) 81 Cal.App.5th 31.[1]

No arguable issues have been identified following review of the record by appointed appellate counsel or our own independent review. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the probation officer's report, when Michael was 16 years old, he entered a convenience store, pointed a loaded firearm at the cashier, and demanded that the cashier open the cash register. Michael and his two companions took cash and tobacco products from the store. The People filed a Welfare and Institutions Code section 602 petition[2] alleging one count of second degree robbery. (Pen. Code, § 211.)

---

[1] The Court of Appeal in *In re Ernesto L., supra*, 81 Cal.App.5th at page 43 concluded "the minor's precommitment credits must be applied against the 'maximum term [the court sets] based upon the facts and circumstances' under that statute—i.e., the maximum custodial term."

[2] Welfare and Institutions Code, section 602, subdivision (a), states, "Except as provided in Section 707, any minor who is between 12 years of age and 17 years of age, inclusive, when he or she violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge the minor to be a ward of the court."

On September 20, 2022 Michael entered a negotiated disposition under which the People requested the juvenile court[3] amend the petition to allege one felony count of assault upon the person of another by means of force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).) Michael admitted he committed the assault, and the court dismissed the second degree robbery count. The next day, pursuant to the negotiated disposition, the juvenile court[4] declared Michael a ward of the state, committed him to a secure youth treatment facility for a baseline term of 18 months and a maximum term of two years, and awarded 182 days of precommitment credit to his confinement time. The court dismissed two probation violation notices in the interest of justice and ordered Michael to pay restitution to the victim.

Michael appealed the disposition order and the juvenile court's asserted failure "to provide pre-dispo credits (182 days) to [the] base term [18 months]." (Capitalization omitted.)[5]

---

[3]     Judge Miguel Espinoza.

[4]     Judge J. Christopher Smith.

[5]     On March 8, 2023 Michael's counsel filed a motion for relief from default supported by counsel's declaration stating Michael wanted to appeal the juvenile court's order calculating custody credits but counsel inadvertently missed the deadline to file a notice of appeal. (*In re Benoit* (1973) 10 Cal.3d 72, 84.) We granted the motion.

## DISCUSSION

We appointed counsel to represent Michael in this appeal. After reviewing the record, counsel filed a brief raising no issues. On September 26, 2023 counsel advised Michael that he could submit any contentions or issues he wanted the court to consider. We have received no response.

We have examined the record and are satisfied appellate counsel for Michael has complied with his responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.

FEUER, J.

We concur:

SEGAL, Acting P. J.

MARTINEZ, J.

4